

1  Leslie A. Cohen, Esq. (SBN: 93698)
          leslie@lesliecohenlaw.com
2  J'aime K. Williams Esq. (SBN 261148)
          jaime@lesliecohenlaw.com
3  LESLIE COHEN LAW, PC
   506 Santa Monica Blvd., Suite 200
4  Santa Monica, CA 90401
   Telephone:  (310) 394-5900
5  Facsimile:  (310) 394-9280

6
   **Proposed** Successor Attorneys for
7  Debtor in Possession

8              **UNITED STATES BANKRUPTCY COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10                **LOS ANGELES DIVISION**

11
   In re                                    )   Case No.  2: 10-bk-30727
12                                           )
        FRANKLIN PACIFIC FINANCE, LLLP,      )   Chapter 11
13                                           )
                                             )   **APPLICATION OF DEBTOR AND DEBTOR IN**
14                                           )   **POSSESSION TO EMPLOY LESLIE COHEN**
            Debtor and                       )   **LAW, PC AS SUCCESSOR BANKRUPTCY**
15          Debtor in Possession             )   **COUNSEL; DECLARATION OF LESLIE A.**
                                             )   **COHEN**
16                                           )
                                             )   **(Concurrently filed in Case No. 2:10-bk-34386)**
17                                           )
                                             )   **(Application for Order Setting Hearing On**
18                                           )   **Shortened Notice Concurrently filed)**
                                             )
19  _____ )

20

21

22

23
   TO THE HONORABLE VINCENT P. ZURZOLO, UNITED STATES BANKRUPTCY JUDGE:
24
          Franklin Pacific Finance, LLLP ("Debtor")("Applicant") files this application to employ LESLIE COHEN
25
   LAW, PC (the "Firm") as its successor bankruptcy counsel for the Debtor on the terms and conditions
26
   described below.  In support of this Application (the "Application"), Applicant respectfully alleges as follows:
27

28

_____

## BACKGROUND

1.      On May 24, 2010 (the "Petition Date"), Applicant filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

2.      Applicant currently manages and operates its business as a debtor in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

3.      On July 6, 2010, a Motion for Joint of Administration of the above-captioned case with In re FPF Oak Trails, L.P. Case No. 2:10-bk-34386 ("FPF") was filed.  This Application takes into account that the Firm's employment and all payments of fees to the Firm will be for the jointly-administered cases.  If joint-administration is not approved, the Firm will allocate the retainers described below between the two cases, and will bill each case's services separately.

4.      Applicant proposes to employ LESLIE COHEN LAW, PC (the "Firm"), as successor bankruptcy counsel at the expense of the estate and on the terms set forth herein.  Applicant previously employed Stephen R. Wade as its bankruptcy counsel.  However, Mr. Wade is substituting out of the case and Applicant wishes to employ the Firm as is successor counsel to Mr. Wade.

5.      The Firm is composed of attorneys who specialize in bankruptcy and related matters, including all associated litigation, and is well qualified to represent Applicant.  All attorneys associated with the Firm who will render services in this case are duly admitted to practice law in the Courts of the State of California and in the United States District Court for the Central District of California.  Attached hereto as Exhibit "A" is a copy of the Firm's resume.

6.      The Firm has received a $15,000 retainer, paid personally by Debtor's President, Stephen J. Collias.  The Firm has deposited this retainer in a segregated trust account per the requirement of the United States Trustee.  As a condition of its employment, the Firm has requires the payment of a post-petition retainer of $100,000, to be paid from Debtor's estate funds that are not the cash collateral of secured creditors.  The Firm will draw down from the total retainer in trust on a monthly basis in accordance with the Guidelines of the United States Trustee.  The Firm understands that its compensation in this case is subject to the approval of this Court, the notice and a hearing requirement of Sections 328(a) and 331(a), Bankruptcy Rule 2016, Local Bankruptcy Rule 2016-1, and the US Trustee's Guide.

7.      The terms and scope of the Firm's employment is set forth more fully below.

APPLICATION OF DEBTOR AND DEBTOR IN POSSESSION TO EMPLOY LESLIE COHEN LAW PC  AS  SUCCESSOR BANKRUPTCY COUNSEL

**TERMS OF EMPLOYMENT**

As noted above, and based upon the Motion for Joint Administration currently pending, this Application takes into account that the Firm's employment and all payments of fees to the Firm will be for joint administration of the above-captioned case with Case No. 2:10-bk-34386.  If joint-administration is not approved, the Firm will allocate the retainers described herein between the two cases, and will bill each case's services separately.

As described above, the Firm has received a $15,000 retainer for its representation of Applicant and FPF which is being held in trust.  Stephen J. Collias personally paid this $15,000 retainer.  Mr. Collias reserves the right to seek an administrative claim under Bankruptcy Code Section 503 to reimburse him from the Debtor's bankruptcy estate for fees and costs advanced to the Debtor, to the extent approved by the Court.  As a condition of its employment, the Firm requires the payment of a post-petition retainer of $100,000, to be paid from Debtor's estate funds that are not the cash collateral of secured creditors.  Debtor's DIP account has approximately $500,000 of unencumbered funds that are not cash collateral.  The Firm will comply with the procedures set forth in the "Guide to Applications for Professional Compensation."  The draw down of fees and costs incurred will be made in accordance with and subject to the draw down and fee application requirements of the US Bankruptcy Court and the Bankruptcy Court's order approving the Firm's employment.

Except as described herein, no further compensation will be paid by the Debtor to the Firm, except upon application to and approval by the Bankruptcy Court after notice and a hearing or as otherwise ordered by this Court. The Firm's employment is contingent upon the Bankruptcy Court approving the fee procedure as described herein.

The Firm has agreed to accept as compensation for its services such sums as may be allowed, based upon time spent and services rendered, results achieved, difficulties encountered, and other appropriate factors.  Attached hereto as Exhibit "B" is a listing of the current hourly rates charged by each attorney and paraprofessional employed by the Firm that may be rendering services in this case.

///

///

///

APPLICATION OF DEBTOR AND DEBTOR IN POSSESSION TO EMPLOY LESLIE COHEN LAW PC  AS  SUCCESSOR
BANKRUPTCY COUNSEL

**SCOPE OF EMPLOYMENT**

Applicant requires bankruptcy counsel in order to render the following illustrative types of professional services within the context of its pending Chapter 11 case:

a.    To advise Applicant regarding its rights and responsibilities as a Chapter 11 debtor and a debtor in possession, specifically including the requirements of the United States Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules, and how the application of such provisions relates to the administration of Applicant's estate;

b.    To advise and to assist Applicant in connection with the preparation of certain documents to be filed with the Bankruptcy Court and/or the Office of the United States Trustee.

c.    To represent Applicant, with respect to bankruptcy issues, in the context of its pending Chapter 11 case and to represent Applicant in contested matters as would affect the administration of the Debtor's case, except to the extent that any such proceeding requires expertise in areas of law outside of the Firm's expertise; and

d.    To advise, to assist and to represent Applicant in the negotiation, formulation and attempted confirmation of a plan of liquidation.

e.    To render services for the purpose of pursuing, litigating and/or settling litigation as may be necessary and appropriate in connection with this case, including without limitation objections to claims, adversary proceedings to recover preferences and fraudulent conveyances, and all associated matters.

The members of the Firm are familiar with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules, and shall comply with them.  The Firm understands the provisions of Title 11, U.S.C. §§ 328, 329, 330 and Bankruptcy Rule 2016, which require, among other things, Court approval of employment of professionals, and Court authorization of any fees and costs that the Firm will receive from Applicant, after notice and hearing, as required under Rule 2002 of the Federal Rules of Bankruptcy Procedure.

**THE FIRM IS DISINTERESTED**

1.    To the best of the Applicant's knowledge and as set forth in the annexed Declaration of Leslie A. Cohen (the "Cohen Declaration") filed concurrently herewith, Applicant  believes that the Firm is a

1   "disinterested person" within the meaning of Section 101(14) of the Bankruptcy Code and that the Firm does

2   not hold any interest adverse to the estates.

3         The Firm is not a creditor, an equity security holder or an insider of the Debtor. The Firm is not and

4   was not within two (2) years before the date of the filing of the petition, a director, officer or an employee of the

5   Debtor and does not have any interest materially adverse to the interest of the estate or any of the class of

6   creditors or equity security holders by reason of any direct or indirect relationship to, connection, with, ore

7   interest in, the Debtor for any other reason except as disclosed herein.

8         The Firm does not have any pre-petition claims against the Debtor. The Firm has not received, and

9   has no present plans to receive, any lien or other interest in property of the Debtor or of a third party to secure

10   payment of the Firm's fees.

11         WHEREFORE, Applicant requests that this Court authorize the employment of Leslie Cohen Law,

12   PC, at the expense of the estate, as bankruptcy counsel for the Debtor and Debtor in Possession effective as

13   of July 15, 2010.

14   Dated: July 16, 2010              Franklin Pacific Finance, LLLP

15

16                                By: _____

17                                  Stephen J. Collias
                                 President _____

18

19

20

21

22

23

24

25

26

27

28

APPLICATION OF DEBTOR AND DEBTOR IN POSSESSION TO EMPLOY LESLIE COHEN LAW PC AS SUCCESSOR
BANKRUPTCY COUNSEL

DECLARATION OF LESLIE A. COHEN

I, Leslie A. Cohen, declare as follows:

1.      I am a member, in good standing, of the Bar of the State of California, and I am admitted to practice before, among other courts, the United States District Court for the Central District of California.  I am the president and sole shareholder of Leslie Cohen Law, PC (the "Firm"), proposed attorneys for Franklin Pacific Finance, LLLP, in its chapter 11 case.  I have personal knowledge of the matters set forth below and, if called to testify, I would and could competently testify thereto.

2.      This Declaration is made pursuant to 11 U.S.C. Section 327 and Local Bankruptcy Rule 2014-1.  I am personally familiar with the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure, and all members of the Firm intend in all respects to comply with same.

3.      The Firm has received a $15,000 retainer, paid personally by Debtor's President, Stephen J. Collias.  The Firm has deposited this retainer in a segregated trust account per the requirement of the United States Trustee.  As a condition of its employment, the Firm has requires the payment of a post-petition retainer of $100,000, to be paid from Debtor's estate funds that are not the cash collateral of secured creditors.  The Firm will comply with the procedures set forth in the "Guide to Applications for Professional Compensation."  The draw down of fees and costs incurred will be made in accordance with and subject to the draw down and fee application requirements of the US Bankruptcy Court and the Bankruptcy Court's order approving the Firm's employment.  The Firm's employment is contingent upon the Bankruptcy Court approving the fee procedure as described herein.

4.      The Firm has agreed to accept as compensation for its services such sums as may be allowed, based upon time spent and services rendered, results achieved, difficulties encountered, and other appropriate factors.  Attached hereto as Exhibit "B" is a listing of the current hourly rates charged by each attorney and paraprofessional employed by the Firm that may be rendering services in this case.

5.      The Firm has agreed to represent the Debtor as bankruptcy counsel to render such ordinary and necessary legal services as may be required in connection with the Debtor's Chapter 11 case, including, without limitation, advising the Debtor with respect to the following: preparation of financial reporting documents, negotiation, preparation and implementation of a Plan of Liquidation and Disclosure Statement;

6

1 | litigation in the bankruptcy case such as (without limitation) objections to claims and avoiding powers actions,

2 | and otherwise advising the Debtor regarding its rights and responsibilities under the Bankruptcy Code and

3 | Federal Rules of Bankruptcy Procedure.

4 |       6.      The Firm's responsibilities do not include representation of any agent, employee, wholly

5 | owned corporation or affiliated entity of the Debtor.  No such representation shall occur unless such additional

6 | representation is a) specifically agreed to by the Firm, b) permissible under the Bankruptcy Code and Federal

7 | Rules of Bankruptcy Procedure, and c) approved by this Court.

8 |       7.      The Firm has not shared or agreed to share compensation for its representation of the Debtor

9 | with any other person, except as among its members.

10 |       8.      The Firm does not have any pre petition claims against the Debtor.  The Firm has not

11 | received, and has no present plans to receive, any lien or other interest in property of the Debtor or a third

12 | party to secure payment of the Firm's fees.

13 |       9.      I believe that the Firm is a "disinterested" person within the meaning of Section 101(14) of the

14 | Bankruptcy Code, and has no interest adverse to the Debtor.

15 |       10.     I believe that neither the Firm nor any member employed by the Firm has any other

16 | connection with the Debtor, any insider of the Debtor or any other related entities in which the Debtor may

17 | have an interest, their creditors, or any party in interest in this case, or their respective attorneys or

18 | accountants.  The Firm has not in the past represented any related debtors.  If, at any subsequent time during

19 | the course of this proceeding, the Firm learns of any other representation, which may give rise to a conflict, an

20 | amended declaration identifying and specifying such involvement will be filed promptly with the Court and the

21 | Office of the United States Trustee.

22 |       11.     The Firm is not a creditor, an equity security holder or an insider of the Debtor.  The Firm is

23 | not and was not within two (2) years before the date of the filing of the petition, a director, officer or an

24 | employee of the Debtor and does not have any interest materially adverse to the interest of the estate or any

25 | of the class of creditors or equity security holders by reason of any direct or indirect relationship to,

26 | connection, with, ore interest in, the Debtor for any other reason except as disclosed herein.

27 |       12.     This Application has been served on all parties specified as requiring notice under Local Rule

28 | 2014-1(2)(b).  Concurrently with the filing of the Application, an Application For Order Setting Hearing On

APPLICATION OF DEBTOR AND DEBTOR IN POSSESSION TO EMPLOY LESLIE COHEN LAW PC AS SUCCESSOR
BANKRUPTCY COUNSEL

1 | Shortened Notice has been filed and served on all parties entitled to notice of the Application to Employ.

2 | Upon the Court's entry of an Order on the application for hearing on shortened notice, the Firm will serve such

3 | order and a Notice of Application to Employ upon all parties specified as requiring notice under Local Rule

4 | 2014-1(2)(b).

5 |      I declare under penalty of perjury under the laws of the United States of America that the foregoing is

6 | true and correct.

7 |      Executed on this 17th  day of July 2010 at Santa Monica, California.

8 |

9 |                      /s/ Leslie A. Cohen

10 |                        Leslie A. Cohen

APPLICATION OF DEBTOR AND DEBTOR IN POSSESSION TO EMPLOY LESLIE COHEN LAW PC AS SUCCESSOR
BANKRUPTCY COUNSEL

**EXHIBIT A**

**Leslie A. Cohen** is an attorney and is the owner the firm.  Ms. Cohen is a graduate of the UCLA School of Law and has spent her entire career representing various businesses and individuals in bankruptcy cases, financial disputes, structuring, restructuring, and reorganization, including all associated litigation.  Ms. Cohen's extensive litigation experience enables her to handle all aspects of our clients' business litigation needs.  Ms. Cohen has represented numerous asset purchasers and sellers in negotiating and litigating bankruptcy acquisitions and contract assumptions and rejections.  In addition to Ms. Cohen's bankruptcy, state and federal court litigation expertise, she also advises companies on structuring and funding of special purpose entities, distress acquisitions, and related transactions.

**J'aime Williams** is an associate attorney at the firm.  Ms. Williams received her Juris Doctor and Master of Dispute Resolution from Pepperdine University School of Law, where she received Juris Doctor and Master's of Dispute Resolution degrees.  During her law school career, served as Managing Editor of the National Association of Administrative Law Judges Journal.  She participated in national and international moot court competitions, and was a member of the Regional Finalist team at the 2007 Constance Baker Motley Moot Court in Los Angeles, the Semi-Finalist team at the 2008 Craven Moot Court in North Carolina, and the Quarter-Finalist team at the 2008 William C. Vis (West) International Commercial Arbitration Moot held in Vienna, Austria.  Ms. Williams also externed for Judge Barry Russell of the U.S. Bankruptcy Court Central District of California. She is admitted to the State Bar of California.

The Firm from time to time engages well qualified bankruptcy attorneys on a contract basis and may include said attorneys in fee applications and/or draw down notices in this case.

1

2

3

**EXHIBIT B**

4

5

**List of Billing Rates:**

6

Leslie Cohen  --  $575/hr

7

Senior Contract Attorneys - $350/hr

8

J'aime Williams  --  $210

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 506 Santa Monica Blvd. Ste. 200, Santa Monica, California 90401.  On July 17, 2010, I served the within document(s) described as:

**APPLICATION OF DEBTOR AND DEBTOR IN POSSESSION TO EMPLOY LESLIE COHEN LAW, PC AS SUCCESSOR BANKRUPTCY COUNSEL; DECLARATION OF LESLIE A. COHEN**

on the interested parties in this action as stated on the attached mailing list.

☒ (BY MAIL) By placing true copies of the foregoing document(s) in a sealed envelope addressed as set forth on the attached mailing list.  I am readily familiar with this firm's practice for collection and processing of correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing contained in affidavit.

☐ (BY EXPRESS MAIL) By placing true copies of the foregoing document(s) in a sealed envelope addressed as set forth on the attached mailing list.  I placed each such envelope for collection and overnight mailing following ordinary business practices.  I am readily familiar with this firm's practice for collection and processing of Express Mail to be sent overnight by the U.S. Postal Service.  Under that practice, it would be deposited on that same day in the ordinary course of business, with Express Mail postage thereon fully prepaid, in a post office, mailbox, sub-post office, substation, mail chute, or other like facility regularly maintained by the U.S. Postal Service for receipt of Express Mail.

☐ (BY OVERNIGHT DELIVERY) I deposited in a box or other facility regularly maintained by Federal Express, an express service carrier, or delivered to a courier or driver authorized by said express service carrier to receive documents, true copies of the foregoing document(s) in a sealed envelope or package designated by the express service carrier, addressed as set forth on the attached mailing list, with fees for overnight delivery paid or provided for.

☐ (BY FAX) By transmitting a true copy of the foregoing document(s) via facsimile transmission from this firm's facsimile machine, to each interested party at the facsimile machine telephone number(s) set forth on the attached mailing list.  Said transmission(s) were completed on the aforesaid date at the time stated on the transmission record issued by this firm's sending facsimile machine.  Each such transmission was reported as complete and without error and a transmission report was properly issued by this firm's sending facsimile machine for each interested party served.  A true copy of each transmission report is attached to the office copy of this proof of service and will be provided upon request.

☐ (BY E-MAIL) By transmitting true copies of the foregoing document(s) to the e-mail addresses set forth on the attached mailing list.

I declare that I am employed in the offices of a member of the State Bar of this Court at whose direction the service was made.  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 17, 2010, at Santa Monica, California.

| J'aime Williams | /s/ J'aime Williams |
|---|---|
| (Type or print name) | (Signature) |

1

## SERVICE LIST

2

**BY ELECTRONIC NOTICE**

3
    Leslie A Cohen leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com
    Sheri Kanesaka    kanesaka@gmail.com

4
    Dare Law    dare.law@usdoj.gov
    William D May    dp@srwadelaw.com

5
    Hal M Mersel    mark.mersel@bryancave.com
    United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

6
    Stephen R Wade    dp@srwadelaw.com

7

**BY MAIL:**

8
Franklin Pacific Finance, LLLP
429 Santa Monica Blvd., Suite 625

9
Santa Monica, CA 90401

10
Hon. Vincent Zurzolo
US Bankruptcy Court

11
255 E. Temple Street
Los Angeles, CA 90012

12

13
Dare Law
Office of United States Trustee

14
725 S Figueroa Street
26th Floor

15
Los Angeles, CA 90017

16
A&M Cleaning
193 Valero Drive
San Marcos, TX 78666

17
C&J Painting & Carpet

18
POBox 200573
Austin, TX 78720

19
Classified Ventures

20
2563 Collections Center Drive
Chicago, IL 60693

21
Cleaning Network

22
POBox 41975
Austin, TX 78704

23
Cowboys Painting

24
15405 Connie Street, #B
Austin, TX 78728

25
CSN Support Services

26
252 McGarity
Kyle, TX 78640

27
Frank's painting

28
110 N 1H 35
Suite 315-189

Round Rock, TX 78664
Green Grass
5333 Randolph Blvd.
San Antonio, TX 78233

Greensheet
POBox 140721
Austin, TX 78704

HD Supply Facilities Maintenance
10641 Scripps Summit Court
San Diego, CA 92131

J4 Development
2808 Longhorn Blvd., Suite 306
Austin, TX 78758

Premium Cuts Lawn Service and Maintenance
POBox 820108
Austin, TX 78708

Rasa Floors
POBox 619130|Dallas, TX 75261

South Central Texas Apt. Blue Book
112 West Hopkins Street
San Marcos, TX 78666

Sunset Carpet Care
POBox 142342
Austin, TX 78714

Wilmar
POBox 404284
Atlanta, GA 30384

Worldwide Pest Control
5808 1H 10 West
San Antonio, TX 78201

2