United States Bankruptcy Court
Central District of California

In re:                                                                  Case No. 10-30727-VZ
Franklin Pacific Finance, LLLP                                          Chapter 11
       Debtor

## CERTIFICATE OF NOTICE

District/off: 0973-2          User: admin            Page 1 of 1            Date Rcvd: May 02, 2011
                              Form ID: pdf031        Total Noticed: 3

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
May 04, 2011.
db         +Franklin Pacific Finance, LLLP,   429 Santa Monica Blvd Ste 625,   Santa Monica, CA 90401-3438
intp        City of Colleyville, Grapevine-Colleyville ISD,   c/o Elizabeth Banda Calvo,
             Perdue, Brandon, Fielder, Collins & Mott,   P O Box 13430,   Arlington, TX 76094-0430

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
cr         +E-mail/Text: HJustus@daca4.com May 03 2011 03:18:38    DACA 2010L, LP,   1565 hotel circle south,
             san diego, ca 92108-3416
                                                                                              TOTAL: 1

            ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
aty         Leslie A Cohen,   Leslie Cohen Law PC,   506 Santa Monica Blvd Ste 200
cr          Bank Midwest, N.A.
br          CENTURY 21
sp          Capstone Real Estate Services Inc
sp          Cara Hagan of Hagan & Associates
intp        Courtesy NEF
lit         Dennis Williams
cr          Deutsche Bank, National Trust Company as trustee f
acc         Justin Enbody and Enbody Inc
sp          Michael Widener,   Bonnett, Fairbourn Friedman & Balint PC
                                                                                      TOTALS: 10, * 0, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: May 04, 2011**            **Signature:** _Joseph Speetjens_

Leslie A. Cohen, Esq. (SBN: 93698)
leslie@lesliecohenlaw.com
J'aime K. Williams, Esq. (SBN 261148)
jaime@lesliecohenlaw.com
LESLIE COHEN LAW, PC
506 Santa Monica Blvd., Suite 200
Santa Monica, CA 90401
Telephone: (310) 394-5900
Facsimile: (310) 394-9280

Attorneys for Debtor in Possession

**FILED & ENTERED**

**APR 29 2011**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY bryant    DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA -- LOS ANGELES DIVISION

In re

FRANKLIN PACIFIC FINANCE, LLLP.

Debtor.

Case No. 2:10-bk-30727

Chapter 11

**ORDER GRANTING MOTION, CONFIRMING DEBTOR'S CHAPTER 11 PLAN AND DISCHARGING DEBTOR**

Date:   April 7, 2011
Time:   1:30 p.m.
Place:  Courtroom "1368"

    Franklin Pacific Finance, LLLP, as debtor and debtor in possession herein ("Debtor", the "Plan Proponent") having proposed and filed the Chapter 11 Plan, As Amended January 28, , 2011 (the "Plan"); This Court having entered an Order dated February 1, 2011, authorizing and approving (A) The adequacy of the disclosure statement describing debtor's chapter 11 plan of reorganization; (B) Fixing date for filing acceptances or rejections of the debtor's plan of reorganization; (C) Fixing deadline for filing objections to the Debtor's plan of reorganization and (D) Fixing date for hearing on confirmation of debtor's plan of reorganization (the "Disclosure Statement Order");

    Upon the submission of Motion to Confirm Plan ("Motion to Confirm Plan") and attached declaration of J'aime K. Williams re Analysis of Ballots for Accepting or Rejecting Debtor's Plan dated March 14, 2011, including the tabulation of the ballots cast in favor of and in opposition to the Plan (the "Ballot Analysis");

The Debtor having designated its current management as the post-confirmation management under the Plan and no objections having been filed to the appointment as such;

A hearing to consider confirmation of the Plan and matters related thereto having been held before this Court on April 7, 2011 (the "Confirmation Hearing"); Leslie Cohen of Leslie Cohen Law, P.C., appearing on behalf of the Debtor; and no other appearances having been made;

And the Court having considered

a) The Plan and modifications thereto;

(b) The Disclosure Statement;

(c) The Ballot Analysis;

(d) The Motion to Confirm Plan;

(e) The Objection to the Plan filed by Deutsche Bank and the Debtor's reply thereto;

(f) The record compiled in the Debtor's Chapter 11 Cases and all pleadings filed with respect thereto; and

(g) The offers of proof, evidence admitted, and the arguments and representations of counsel at the Confirmation Hearing;

And after due deliberation and good cause appearing, the Court makes the findings of fact and conclusions of law set forth below.

### I. FINDINGS OF FACT AND CONCLUSIONS OF LAW

IT HAS BEEN DETERMINED BY THE COURT THAT:

**A. Jurisdiction and Venue.**

On May 24, 2010, Franklin Pacific Finance LLLP filed a voluntary petition under chapter 11 of the Bankruptcy Code. This Court has jurisdiction to confirm the Plan pursuant to 28 U.S.C. §§ 1334 and 157. The Confirmation Hearing is a core proceeding under 28 U.S.C. § 157(b)(2)(L) and venue of this case is proper under 28 U.S.C. § 1408.

**B. Notice of Plan Confirmation Proceedings.**

As required by the terms of the Disclosure Statement Order, entered on February 1, 2011, the Plan Proponent caused copies of the Disclosure Statement, the Plan, and the Notice to Creditors of 1) Hearing to

Consider Confirmation of Debtor's Plan of Reorganization and (2) Time Fixed for Debtor's Receipt of Ballots Accepting or Rejecting Plan; and (3) Time Fixed for Filing Objections to Confirmation (the "Plan Solicitation Materials") to be transmitted by first class mail to all creditors at their last known addresses, to the United States Trustee and all parties requesting special notice in these cases. In addition, the Plan Proponent distributed ballots for accepting or rejecting the Plan to all creditors entitled to vote on the Plan. The Disclosure Statement Order informed parties in interest of the deadline to submit ballots, the deadline to object to the Plan and the date and time for the proposed hearing on confirmation of the Plan (the "Plan Confirmation Hearing"). The foregoing service is supported by the Declaration of Service filed with the Court and the Court finds such notice was adequate, appropriate and sufficient. The Court further finds that the Debtor has complied with the terms of the Disclosure Statement Order and that notice of the Confirmation Hearing was adequate and appropriate under the circumstances.

**C.    Voting on Plan.**

The Disclosure Statement Order fixed March 7, 2011 as the Voting Deadline. The Debtor has tabulated the Ballots accepting and rejecting the Plan in the Ballot Analysis. As set forth in the Ballot Analysis, all impaired Classes that actually voted on the Plan have accepted the Plan in both number and amount pursuant to section 1126 of the Bankruptcy Code.

**D.    Compliance with Section 1129.**

The Plan complies with all of the requirements set forth in section 1129 of the Bankruptcy Code except section 1129(a)(8) as described below.

**1.    Plan Compliance--Section 1129(a)(1).**

The Plan complies with all applicable provisions of the Bankruptcy Code. The Plan designates five Classes of Claims and one Class of Interests. The Plan adequately and properly classifies all Claims and Interests required to be classified and thus satisfies the requirements of sections 1122 and 1123(a)(1) of the Bankruptcy Code. Article IX sections (d)-(g) of the Plan provide that Classes 1, 2, 3 and 4 are impaired. The Plan adequately specifies the treatment of each impaired Class of Claims and the Class of Interests and thus satisfies the requirements of section 1123(a)(3) of the Bankruptcy Code. The Plan provides for the same treatment of Claims and Interests within each Class. The Plan thus satisfies the requirements of section 1123(a)(4) of the Bankruptcy Code. Articles X - XV of the Plan, as well as Exhibit C to the Plan, describe the

means for the Plan's implementation.  Among other things, the Plan provides that the Debtor will be authorized to exercise and perform the rights, powers and duties held by the Estate, including without limitation the authority under section 1123(b)(3) of the Bankruptcy Code to provide for the settlement, adjustment, retention and enforcement of claims and interests of the Estate, including, but not limited to the Avoidance Actions and Causes of Action, and the authority to exercise all rights under sections 1106, 1107 and 1108 of the Bankruptcy Code.  The Plan further provides that the Debtor as Disbursing Agent shall calculate and implement all distributions required under the Plan according to the priorities set forth in the Plan.  The Plan thus satisfies the requirements of section 1123(a)(5) of the Bankruptcy Code.  The Plan contains other provisions for implementation that are reasonable and otherwise consistent with sections 1123(a)(7) and 1123(b) of the Bankruptcy Code.

**2.    Proponent Compliance--Section 1129(a)(2).**

The Plan Proponent has complied with the applicable provisions of the Bankruptcy Code and the Bankruptcy Rules.  The Plan Proponent solicited acceptances of the Plan in accordance with the requirements of the Disclosure Statement Order.  The Ballots of holders of Claims and Interests entitled to vote on the Plan were properly solicited and tabulated.  The Plan Proponent has further complied with all the provisions of the Bankruptcy Code and the Bankruptcy Rules governing notice of the Confirmation Hearing, approval of the Disclosure Statement and all other matters considered by the Court in the Chapter 11 Case. The record in the Chapter 11 Case further discloses that the Debtor has complied with the orders of the Court entered while this case has been pending and that the Debtor has not violated any such orders.

**3.    Good Faith--Section 1129(a)(3).**

The Plan has been proposed in good faith and not by any means forbidden by law.  Only Wamu challenged the Debtor's good faith in proposing the Plan.  The Court has examined the totality of the circumstances surrounding the formulation of the Plan.  The Plan has been accepted by the requisite holders of Claims and Interests by one impaired class and such acceptance evidences the informed judgment of those creditors that the Plan is in their best interests.  As to the objection of Deutsche Bank as successor in interest to Wamu, the Court finds that Deutsche Bank is being treated fairly and equitably, and that its objections are entirely without merit and frivolous.  Therefore, the Court finds and concludes that the Plan has been proposed in good faith.

**4.    Plan Payments--Section 1129(a)(4).**

Any payments made or to be made by the Debtor to professional persons for services rendered or for costs and expenses incurred in, or in connection with, the Chapter 11 Case, have been and will be disclosed to the Court in applications to compensate those professionals, subject to approval by the Court as reasonable. As provided in the Plan, the Debtor has the ability to maintain/retain and pay professionals as required to complete the activities required by the Plan. With respect to compensation, the Debtor's professionals may be paid pursuant to Court-approved pre-confirmation terms of employment, subject to entry of a final order by the Court approving fees and expenses.

**5.    Rates--Section 1129(a)(6).**

There are no rates applicable to the Debtor over which any governmental regulatory commission will have jurisdiction after confirmation of the Plan.

**6.    Best Interests--Section 1129(a)(7).**

Each holder of an Allowed Claim will receive under the Plan property of a value not less than the amount such holder would receive if the Debtor were liquidated under Chapter 7 of the Bankruptcy Code. In the event the Chapter 11 Case were converted to Chapter 7, the Debtor would not likely be able to disburse the amounts projected under the Plan to holders of Allowed Claims. A conversion of the Chapter 11 Case to Chapter 7 would likely be accompanied by additional costs and further delay, thereby diluting the amounts presently available for distribution to holders of Allowed Claims under the Plan. The Plan thus will likely provide a superior recovery to creditors compared with conversion of the Chapter 11 Case. Accordingly, the Plan is in the best interests of creditors under section 1129(a)(7) of the Bankruptcy Code.

**7.    Acceptance/Cram down--Sections 1129(a)(8) and 1129(b).**

All holders of Allowed Claims and Interests impaired under the Plan have been given adequate opportunity to vote to accept or reject the Plan. As demonstrated in the Ballot Analysis, the Plan has been accepted, within the meaning of section 1126(c) of the Bankruptcy Code, by the holders of Claims in Classes 3 and 4. No class voted to reject the Plan, however, Class 2A and 2B creditor Deutsche Bank did object to Plan confirmation. Notwithstanding, the Plan may be confirmed in this case because the Plan Proponent satisfies the requirements of section 1129(b)(1) of the Bankruptcy Code with respect to Class 2A and 2B. Class 2A and 2B claims shall be allowed and paid in their full amount and there is no class junior to Class 2A

and 2B receiving a greater distribution. Therefore, the Plan's treatment of this Class does not discriminate unfairly against Class 2A and 2B.

### 8. Administrative Expenses--Section 1129(a)(9).

Pursuant to Article IV.A. of the Plan, unless the entity holding an Allowed Administrative Claim (other than a Professional Fee Claim) and the Debtor agree otherwise, the Disbursing Agent will pay to that entity from Available Cash ) the Allowed Administrative Claim's full amount, without interest, on the later of: (a) as the Effective Date; (b) entry of final order approving fees and expenses pursuant to fee application.

### 9. Impaired Class Acceptance--Section 1129(a)(10).

According to the Ballot Analysis, Classes 3 and 4 have voted to accept the Plan, excluding the acceptance of any insider. Accordingly, the Plan satisfies section 1129(a)(10) of the Bankruptcy Code.

### 10. Feasibility--Section 1129(a)(11).

The Plan Proponent anticipates that the amount of cash available to the Debtor on the Effective Date will be approximately $820,366 which is an amount substantially in excess of that required to pay the amount of Administrative Claims, Priority Claims and Priority Tax Claims that may be payable on or after the Effective Date. In addition, the financial projections of the Debtor demonstrate that there will be sufficient funds for the Debtor to pay its ongoing obligations under the Plan. Accordingly, the Plan satisfies section 1129(a)(11) of the Bankruptcy Code.

### 11. Fees Payable Under 28 U.S.C. § 1930--Section 1129(a)(12).

The Plan provides for the payment of all fees payable under section 1930 of Title 28 as an Administrative Claim prior to the Effective Date of the Plan, to the extent not previously paid by the Debtor during the Chapter 11 Case. Accordingly, the Plan satisfies section 1129(a)(12) of the Bankruptcy Code.

### 12. Retiree Benefits--Section 1129(a)(13).

The Debtor is not obligated to provide "retiree benefits" within the meaning of section 1114(a) of the Bankruptcy Code. Accordingly, the Plan satisfies section 1129(a)(13) of the Bankruptcy Code.

### E. Assumption and Rejection--Section 1123(b)(2).

Article XVI of the Plan provides for the assumption by the Debtor of any and all executory contracts other than the contract with Coinmach which was rejected pursuant to order of this Court. . There have been no timely objections to the proposed assumption of such executory contracts of the Debtor. The Court finds that the Debtor has exercised reasonable business judgment in making the decision to assume the executory contracts as set forth in Article XVI of the Plan. Accordingly, the Plan satisfies section 1123(b)(2).

**F.     Conditions to Effective Date.**

Upon entry of this Confirmation Order and this Confirmation Order becoming a Final Order, the conditions to effectiveness will have been satisfied.

## II.    ORDER CONFIRMING PLAN

Based upon the record of the Confirmation Hearing, all the proceedings held before this Court in the Chapter 11 Case, and the foregoing findings of fact and conclusions of law,

IT IS HEREBY ORDERED THAT:

**A.     Plan Confirmed.**

The Plan is hereby confirmed in its entirety. Any objections to confirmation of the Plan, or to the adequacy of the Disclosure Statement are overruled.

**B.     Confirmed Plan Binding.**

Pursuant to section 1141 of the Bankruptcy Code, upon the Effective Date, the provisions of the Plan shall bind the Debtor, any entity acquiring property under the Plan, and any Creditor or Interest holder or party in interest, whether or not such Creditor or Interest holder has filed a proof of Claim or Interest in the Chapter 11 Case, whether or not the Claim of such Creditor or the Interest of such Interest holder is impaired under the Plan, whether or not such Creditor or Interest holder has accepted or rejected the Plan and whether or not notice was received. Upon the Effective Date, all Claims against and debts of the Debtor shall be deemed fixed and adjusted pursuant to the Plan and the Debtor shall have no further liability on account of any Claims except as set forth in the Plan. All payments and all distributions made under the Plan shall be in full and final satisfaction, settlement and release of all Claims.

**C.     Effective Date**

The Effective Date of the Plan shall be May 2, 2011.

**D.    Revesting of Estate Assets.**

As allowable as a matter of law, and except as otherwise provided in the Plan or in the Confirmation Order, on the Effective Date, all of the property of the Debtor not otherwise transferred pursuant to the Plan, or otherwise paid by the Debtor to satisfy allowed claims as provided in the Plan, shall be revested in the Debtor, free and clear of all claims, liens, charges and other interests of creditors arising prior to Confirmation, and the Debtor will hold all such property as provided in the Plan.  After confirmation, and except as provided in the Plan, the Debtor will operate free and clear of any restrictions of the Bankruptcy Code.

**E.    Means of Implementation Approved.**

The Debtor, as Disbursing Agent, is authorized and directed to take all actions necessary or appropriate, including the execution, delivery, filing and recordation of any document, to implement, effectuate and consummate the Plan in accordance with its terms, and to carry out the transactions contemplated by the Plan.

**F.    Appointment of Disbursing Agent.**

Debtor is appointed the Disbursing Agent under the Plan upon entry of the Confirmation Order.

**G.    Assumption and Rejection Approved.**

As of the Effective Date, all executory contracts and unexpired leases to which the Debtor may be a party are hereby assumed pursuant to section 365 of the Bankruptcy Code and Article XVI of the Plan.

**H.    Notice of Entry of Confirmation Order.**

Within 72 hours following entry of this Order, the Plan Proponent shall mail notice of the entry of this Order and of the occurrence of the Effective Date to all parties entitled to notice pursuant to Bankruptcy Rules 2002(f) and 3020(c).

**I.    Retention of Jurisdiction.**

After confirmation of the Plan and occurrence of the Effective Date, in addition to jurisdiction which exists in any other court, the Bankruptcy Court will retain all such jurisdiction over the debtor as is legally permissible including for the following purposes:

    a.    To resolve any and all disputes regarding the operation and interpretation of the Plan and the Confirmation Order;

    b.    To determine the allowability, classification, or priority of claims and interests upon objection by the Debtor, or by other parties in interest with standing to bring such objection or proceeding, including, without limitation, the amount of secured claims and such associated fees, costs and expenses as may be asserted pursuant to Bankruptcy Code Section 506(b) or otherwise;

    c.    To determine (to the extent necessary) the extent, validity and priority of any lien asserted against property of the Debtor or property of the Debtor's estate.

    d.    To construe and take any action to enforce the Plan, the Confirmation Order, and any other order of the Court, issue such orders as may be necessary for the implementation, execution, performance, modification and consummation of the Plan, the Confirmation Order, and all matters referred to in the Plan, the Confirmation Order, and to determine all matters that may be pending before the Court in this case on or before the Effective Date with respect to any person or entity related thereto, including without limitation motions to modify the plan or dismiss or convert the case;

    e.    To determine, allow and order payment of any and all applications for allowance of compensation and reimbursement of expenses of professionals for the period on or before the Effective Date;

    f.    To determine any request for payment of administrative expenses, if not previously resolved;

    g.    To determine all applications, motions, adversary proceedings, contested matters, and any other litigated matters instituted during the pendency of this case whether before, on, or after the Effective Date;

    h.    To determine such other matters and for such other purposes as may be provided in the Confirmation Order;

    i.    To modify the Plan under Section 1127 of the Bankruptcy Code so as to carry out its intent and purpose;

    j.    Except as otherwise provided in the Plan or the Confirmation Order, to issue injunctions to take such other actions or make such other orders as may be necessary or appropriate to restrain interference with the Plan or the Confirmation Order, or the execution or implementation by any person or entity of the Plan or the Confirmation Order;

k.  To issue such orders in aid of consummation of the Plan or the Confirmation Order, notwithstanding any otherwise applicable nonbankruptcy law, with respect to any person or entity, to the fullest extent authorized by the Bankruptcy Code or Bankruptcy Rules; and

l.  To enter a final decree and order closing this Case.

**J.  Retention and Enforcement of Claims**

Pursuant to Bankruptcy Code § 1123(b)(3), the Debtor shall maintain any and all claims, defenses, powers and interests (to the extent not transferred, waived, released, settled, or compromised on or before the Effective Date), and the Plan expressly reserves all such claims, defenses, powers and interests to the Debtor, including without limitation, rights to object to the allowance of claims, request the subordination of claims, avoid transfers of property or interests in property of the Debtor, and seek recovery of property, damages, or equitable relief.

**K.  Default**

Except as otherwise provided herein, in the event that the Debtor shall default in the performance of any of its obligations under the Plan and shall not have cured such a default within thirty (30) days after receipt of written notice of default from the creditor to whom the performance is due, then the entity or individual to whom the performance is due may seek such relief from this Court as is available under the Plan and the retention of jurisdiction provisions in this Order. An event of default occurring with respect to one claim shall not be any event of default with respect to any other claim.

**L.  Modification of Plan**

The Debtor may modify the Plan pursuant to 11 U.S.C.A. §1127.

**M.  Post-Confirmation Status Report**

Within 120 days of the entry of this order confirming the Plan, the Debtor shall file a status report with the Court explaining what progress has been made toward consummation of the confirmed Plan. The status report shall be served on the United States Trustee, the twenty largest unsecured creditors, and those parties who have requested special notice after the Effective Date. Further status reports shall be filed every 120 days and served on the same entities.

**N.  Post-Confirmation Conversion/Dismissal**

Imaged Certificate of Service    Page 12 of 17

A creditor or party in interest may bring a motion to convert or dismiss the Case under § 1112(b) after the Plan is confirmed if there is an uncured material default in performing the Plan as provided in Section III.D. If the Court orders the Case converted to Chapter 7 after the Plan is confirmed, then all property that had been property of the Chapter 11 estate, and that has not been disbursed pursuant to the Plan will revest in the Chapter 7 estate.  The automatic stay will be reimposed upon the revested property, but only to the extent that the Court did not previously authorize relief from stay during the Case.

This order confirming the Plan may also be revoked under very limited circumstances.  The Court may revoke this order if the order of confirmation was procured by fraud and if the party in interest brings an adversary proceeding to revoke confirmation within 180 days after the entry of this order of confirmation.

### O. Post-Confirmation U.S. Trustee Fees

The Debtor shall be responsible for timely payment of all fees incurred after the Effective Date pursuant to 28 U.S.C. Section 1930(a)(6).  The Debtor will file all reports required by the UST in connection with payment of such fees.

### P. Exculpations and Releases

To the maximum extent permitted by law, neither the Debtor, nor any of its members, officers, representatives, employees, agents, representatives, or retained professionals, whether or not by Bankruptcy Court Order (each, an "Indemnified Person"), shall have or incur liability to any person or entity for an act taken or omission made in good faith in connection with or related to the formulation of the Plan, the Disclosure Statement, or a contract, instrument, release, or other agreement or document created in connection therewith, the solicitation of acceptances for or confirmation of the Plan, or the consummation and implementation of the Plan and the transactions contemplated therein.  Each Indemnified Person shall in all respects be entitled to reasonably rely on the advice of counsel with respect to its duties and responsibilities under the Plan.

### Q. Injunction.

As of the Confirmation Date, all entities are precluded from asserting against any property that is to be distributed under this Plan any Claims, rights, causes of action, liabilities, or Interests based upon any act,

Order re Disclosure Statement
0048505/001/ 399951v02

omission, transaction, or other activity that occurred before the Confirmation Date except as expressly provided in the Plan or this Confirmation Order. No entity other than an entity entitled to receive a payment or distribution under the Plan will have any recourse against the Debtor, its Estate.

**R.    Construction of Order.**

The failure to reference a particular provision of the Plan in this Order shall not affect the validity or enforceability of such provision. Each provision of the Plan shall be deemed authorized and approved by this Order and shall have the same binding effect of every other provision of the Plan, whether or not mentioned in this Order. In the event of any inconsistencies among the Plan, and this Order, the Plan shall prevail

### III.  ORDER DISCHARGING DEBTOR

Based upon the record of the Confirmation Hearing, all the proceedings held before this Court in the Chapter 11 Case, and the foregoing findings of fact and conclusions of law,

IT IS HEREBY ORDERED THAT:

The Debtor is discharged in accordance with 11 U.S.C. § 1141(d)(1).

###

DATED: April 29, 2011

_____
United States Bankruptcy Judge

| In re:<br>FRANKLIN PACIFIC FINANCE, LLLP | | CHAPTER 11 |
|---|---|---|
| | Debtor(s). | CASE NUMBER 2:10-bk-30727-VZ |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

506 Santa Monica Blvd., Suite 200, Santa Monica, CA 90401

A true and correct copy of the foregoing document described **ORDER CONFIRMING DEBTOR'S CHAPTER 11 PLAN AND DISCHARGING DEBTOR** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On __4/26/11__ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

| Hon. Vincent Zurzolo | H. Mark Mersel | Sheri M. Kanesaka |
|---|---|---|
| US Bankruptcy Court | Bryan Cave LLP | Bryan Cave, LLP |
| 255 E. Temple Street | 3161 Michelson Drive, Suite 1500 | 120 Broadway, Suite 300 |
| Los Angeles, CA 90012 | Irvine, California 92612 | Santa Monica, CA 90401-2386 |

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 4/26/11 | Brian Link | /s/ Brian Link |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                                **F 9013-3.1**

| In re: <br> FRANKLIN PACIFIC FINANCE, LLLP <br><br><br> Debtor(s). | CHAPTER: 11 <br><br> CASE NUMBER: 2:10-bk-30727-VZ |
|---|---|

**NOTE TO USERS OF THIS FORM**:

1) Attach this form to the last page of a proposed Order or Judgment. Do not file as a separate document.
2) The title of the judgment or order and all service information must be filled in by the party lodging the order.
3) **Category I.** below: The United States trustee and case trustee (if any) will always be in this category.
4) **Category II.** below: List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief. DO NOT list an address if person/entity is listed in category I.

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) **ORDER CONFIRMING DEBTOR'S CHAPTER 11 PLAN AND DISCHARGING DEBTOR** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of ___4/26/11___, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

- Leslie A Cohen    leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com
- Sheri Kanesaka    sheri.kanesaka@bryancave.com
- Dare Law    dare.law@usdoj.gov
- William D May    dp@srwadelaw.com
- Christopher M McDermott    ecfcacb@piteduncan.com
- Hal M Mersel    mark.mersel@bryancave.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Stephen R Wade    dlr@srwadelaw.com

☐ Service information continued on attached page

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

☐ Service information continued on attached page

**III. TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below:

☒ Service information continued on attached page

**ADDITIONAL SERVICE INFORMATION** (if needed)

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                                        **F 9021-1.1**

Dare Law
Office of United States Trustee
725 S Figueroa Street
26th Floor
Los Angeles, CA 90017
**U.S. Trustee**

Franklin Pacific Finance, LLLP
429 Santa Monica Blvd., Suite 625
Santa Monica, CA 90401
**Debtor**

Securities Exchange Commission
450 5th Street, NW
Washington, DC 20549

Securities Exchange Commission
5670 Wilshire Blvd, 11th Floor
Los Angeles, CA 90036

A & M Cleaning
193 Valero Drive
San Marcos, TX 78666
**Creditor**

ANB Special Assets LLC
102 W Moore Ave
Terrell TX 75160
**Creditor**

Bank Midwest NA
100 Main
Kansas City MO 64196-6458
**Secured Creditor**

Bank Midwest, N,.A.
c/o H. Mark Mersel, Esq.
BRYAN CAVE LLP
3161 Michelson Drive, Suite 1500
Irvine, CA 92612
**Attorneys for Secured Creditor**

Bonnett, Fairbourn, Freedman Etc
2901 N Central Ave
Ste 1000
Phoenix AZ 85012
**Creditor**

C&J Painting & Carpet Cleaning
POBox 200573
Austin, TX 78720
**Creditor**

CSN Support Services
252 McGarity
Kyle, TX 78640
**Creditor**

Capstone Management
210 Barton Springs Rd
Ste 300
Austin TX 78704
**Interested Party**

Century 21 All-Pro
6789 N National Dr
Kansas City MO 64152
**Interested Party**

City of Colleyville
PO Box 13430
Arlington TX 76094-0430
**Creditor**

City of Colleyville, Grapevine-Colleyville ISD
c/o Elizabeth Banda Calvo
Perdue, Brandon, Fielder, Collins & Mott
P O Box 13430
Arlington, TX 76094-0430
**Special Notice**

Classified Ventures
2563 Collections Center Drive
Chicago, IL 60693
**Creditor**

Cleaning Network
POBox 41975
Austin, TX 78704
**Creditor**

Colette Franklin Tax Assessor
3075 Mustang Dr
Grapevine TX 76051
**Creditor**

Cowboys Painting
15405 Connie Street, #B
Austin, TX 78728
**Creditor**

Enbody Inc
14431 Ventura Blvd
Ste 269
Sherman Oaks CA 91423
**Interested Party**

Frank's Painting

15

110 N 1H 35
Suite 315-189
Round Rock, TX 78664
**Creditor**

Gary L Hall
110 E Wilshire Ave Ste 405
Fullerton CA 92832
**Interested Party**

Grapevine-Colleyville Independent
School District
PO Box 13430
Arlington TX 76094-0430
**Creditor**

Green Grass
5333 Randolph Blvd.
San Antonio, TX 78233
**Creditor**

Greensheet
POBox 140721
Austin, TX 78704
**Creditor**

HD Supply Facilities Maint. Group
10641 Scripps Summit Court
San Diego, CA 92131
**Creditor**

Hartford Fire Insurance Co.
Bankruptcy Unit, T-1-55
Hartford Plaza
Hartford CT 06115
**Creditor**

Integrated Data
220 21st Place
Manhattan Beach Ca 90266
**Creditor**

J4 Development
2808 Longhorn Blvd., Suite 306
Austin, TX 78758
**Creditor**

Premium Cuts Lawn Svc & Maint.
POBox 820108
Austin, TX 78708
**Creditor**

Rasa Floors
POBox 619130
Dallas, TX 75261
**Creditor**

Rasa Floors & Carpet Cleaning, LLC
3710 Rawlins Ste 1300
Dallas TX 75219
**Creditor**

SAA Architects
6083 Bristol Parkway
Culver City CA 90230
**Creditor**

Sandra Green
6789 N National Dr
Kansas City MO 64152
**Creditor**

South Central Texas Apt. Blue Book
112 West Hopkins Street
San Marcos, TX 78666
**Creditor**

Stephen J Collias
429 Santa Monica Blvd
Ste 625
Santa Monica CA 90401
**Interested Party**

Sunset Carpet Care
POBox 142342
Austin, TX 78714
**Creditor**

Washington Mutual Bank (Chase)
POB 78148
Phoenix AZ 85062-8148
**Secured Creditor**

Wilmar
POBox 404284
Atlanta, GA 30384
**Creditor**

Worldwide Pest Control
5808 1H 10 West
San Antonio, TX 78201
**Creditor**

Wyndelts & Gagnon
4800 N Scottsdale Rd
Ste 1400
Scottsdale AZ 85251
**Interested Party**

16